25-1686, Western Missouri, United States v. Michael Hunt, Jr. Good morning, Your Honors. Let's just wait a minute here until everybody is situated. All right, Mr. Kelly, the Court appreciates your willingness to accept the appointment in this case under the Criminal Justice Act, and you may proceed. Good morning to all of Your Honors, and may it please the Court. As the Court has noted, I was not trial counsel. I came in at sentencing, and thereafter, after my client filed a pro se notice of appeal, I was thereafter appointed on the case. Neither of the lawyers here today were present for this. Mr. Hunt, actually Mr. Hunt, Jr., was initially charged with possession of fentanyl with intent to distribute 40-plus grams. He was found guilty, sentenced to 180 months. There are three claims of error. The first was the verdict form error. That error was not discovered by any of the parties until Judge Wimes, who I've been in front of and have a great amount of respect for, was actually reading the verdict, and it was discovered that it was submitted as conspiracy to distribute 400 grams or more, and it was a finding of guilt. There was a quick conference of the parties. The defendant's lawyer, Mr. Hunt's lawyer, asked for mistrial. That was denied. The Court then put together a new verdict form of possession of fentanyl with intent of 40 grams or more, and gave the jury a brief instruction, if you will, that the verdict form was in error, and sent them back out thereafter. They came back with the same guilty verdict on the possession with intent versus the conspiracy to distribute. When it comes to that particular case, that situation, the first question, of course, is what is the standard? And I would posit that that could be a mixed question of fact or law for this Court, depending on what you determine to be the exact nature. If it is a verdict form error that is, frankly, not the same as the charge, then it is deemed per se error. Otherwise, it's plain error because it was submitted by all counsel and not objected to. Either way, it can't be overlooked that in this case the jury found him guilty of conspiracy to distribute fentanyl in excess of 400 grams, as opposed to the 40 grams that he was charged with in possession. So whether the standard is per se error or whether the standard is prejudice. Was the verdict form simply not objected to or was it approved? Judge, based on, and again, I wasn't there. I can only go by what was in the transcript. It looked in the transcript that there were no objections. I didn't see anybody championing them, but there were no objections when submitted. So that did go back to the jury, and that's what came back out. Under the United States Constitution, you're not supposed to be found guilty of something you haven't been charged with, and that's exactly what happened here. Why is that exactly what happened here if the judge did not accept that verdict and required the jury to deliberate further with a different form? Well, and then is the problem. I know this court and most appellate courts, as well as district courts, view curative instructions as solving potential problems like this, but your prior rulings, especially I believe it's the going back to the Jarrett case, essentially held that that is not the operative question. The operative question is did they reach the verdict or not? I understand the court hadn't accepted it yet, but nevertheless, the jury had reached it, and by the time an instruction was issued, there was no real instruction. It was simply, oh, we made an error. Here's the correct form. Take it back. And actually, there was no further instruction about you're required to further deliberate. You're further required to consider how your other finding may be different from the one that was found, and that cannot be understated, I think, under the facts of the case. I get that it was an error. I get that it wasn't caught. The question is what do you do when a jury comes back with a verdict that is not what he has been charged with, and they make a conclusion. They're given a new form, sent back out, and then they come back in. Again, it's not clear from the transcript. Was it five minutes or five hours? The reports I've gotten is more like five minutes, verdict guilty, and they're out of there. All the instructions, the verdict director, were correct? That is my understanding, Your Honor, and that's from the record what I've seen. So the elements that they were instructed to deliberate on are correct, and they've returned a verdict on a form that was given to them by the clerk that is incorrect. It was caught before the verdict was accepted, and the jury sent back to deliberate, and they return a guilty verdict on the new verdict form. I don't disagree with anything you've just said other than I would take issue with deliberate. It doesn't appear that they did. The length of time, right?  How do you know that? Maybe they went back for five minutes and said, we were wondering why they gave us the wrong form. This is what we thought we should have, so let's fill it out and send it out, send it in. I couldn't agree more with that. Therein is the mystery of what happens in the jury room, and pretty sacrosanct. The interesting thing about it is we've got cases that no one cited but are kind of strange that are out there, like the United States v. Leonard Peltier case where the jury was given a verdict form that had a felony murder question on it. The jury convicted on it, but they were never instructed on the elements of what felony murder was, and that held up. Not only did it hold up here, it held up in the Supreme Court. That seems to be a way worse error than what we've got going here. Peltier was, as everybody knows, a long time ago, and there's been a lot of jurisprudence that's come through since then, including what I think is the controlling case in this case out of this circuit, which is Jarrett. I am running out of time, so I just want to briefly move on to the Speedy Trial Act violation. I think that's a mixed question of fact and law. The first is whether or not the magistrate's calculation is correct. I have, in setting my argument out there, recognized that it appears that there were a few days that were inexplicably housed from the 70 days that perhaps shouldn't have been. If we get past that question, then I do think it still begs the question, and as far as I can tell, it would be a question of first impression with this court, whether or not by filing a motion to dismiss, does the motion to dismiss itself become a pretrial motion under the statute upon which the Speedy Trial Act itself is told? Why not? When I think about it, the why not of that becomes, should you ever be in a situation where you know that, or you believe that the statute will be violated, but you have to sit on it as a lawyer, because if you bring it up, then you're tolling the statute, but by the time the statute runs, and you knew about it and could have raised it earlier, have you essentially created a plain error situation because you didn't object to it at the earliest opportunity? So the right that's been conferred by the Speedy Trial Act could itself be defeated, if you will, by requiring counsel to let that time pass, because you don't want to file it too early, because that could toll the statute. File what too early? The motion to dismiss based upon the Speedy Trial Act. Well, you wouldn't be able to file such a motion before the time elapsed. Well, I don't think there's anything wrong with being prophylactic. You could send a letter to the court and say, I notice we're within 10 days of the time expiring. Please let us go to trial. That wouldn't be a motion that would toll the time. Isn't there a way around this? I'm not saying I would have done anything differently other than I probably would have sat on it under the circumstances, but it wasn't here, and, you know, is that good lawyering? Is that being a counsel to the court as you're supposed to be or not? I don't know. Last but not least. But let's step back a little. It is a question. It's a motion, and it's made pretrial, and so on its face under the rule it looks like it would toll it. You know, I was thinking about this last night, and the only thing that I can liken it back to is the situation where, even by erroneously trying to invoke your right to remain silent, and as this court and other courts have recognized, you have to be unequivocal with that. And if a defendant fumbles that, then what they say can be used against them. So how that default happens or how that particular error is either preserved or not preserved certainly becomes a big part of the question, and are you supposed to get out ahead of it or are you supposed to just sit there and let it happen? And if you do let it happen, as did not happen here, are you in jeopardy of losing that because you have thereby waived it? The last one is a suppression issue. I'll just sum up briefly. Mixed question of fact and law again, and that includes a jurisdictional issue as well as an identity issue, and we would ask that you look at all of the facts of that particular case closely. I thank all of you for your time. Because I am out of time, I won't reserve anything for rebuttal. The court otherwise wants to hear from me. Thank you for your argument. You're welcome to sit over here at the council table, Mr. Kelly, if you'd like, while Mr. Hurst is arguing. Very good. Thank you. Mr. Hurst, you may proceed. May it please the Court, Ben Hurst for the United States. I'd like to take up the instructional issue first and address a point that hasn't actually been addressed yet, which is the question of invited error and whether this court has to reach the question of the instructions at all. These instructions, including the erroneous verdict form, were jointly submitted by the parties. I don't understand there to be any dispute about that. This is a pure question of invited error. The defendant can't complain about something he asked the court to do, and the verdict form was within the scope of the invited error. We don't think the court needs to reach that question at all. Why is this invited error as opposed to forfeiture? Here, because unlike the circumstance, for example, where we submit instructions and a defendant simply just doesn't do anything about it, that would be a forfeiture question. Here, the parties were jointly submitting the instruction packet that included the erroneous verdict forms. I understand. Okay. So by including proposed 20, they both asked for it. That's correct, Your Honor. If this court were to reach the question, we think that at most we'd be talking about plain error because it wasn't objected to prior to the jury being instructed with the erroneous verdict form. But we don't think that there is error at all, much less plain or obvious error. As a whole, the instructions properly gave the jury the elements it needed, the four elements of possession with intent to distribute. That's the crime the defendant was charged with committing. And it specifically instructed the jury that it had to unanimously find each element beyond a reasonable doubt before it could convict. By contrast, the jury wasn't instructed about conspiracy at all. There was no circumstance where the jury could be understood to have reached a verdict about conspiracy because they weren't told what the elements of conspiracy are. They weren't given any kind of definition of that term. So at the very most here, what the jury could have thought is, well, there's just an error in this verdict form. But here we were specifically told about the elements of possession with intent to distribute. And that's what the evidence was about. This was a car stop case. The defendant was found in the car next to a duffel bag full of drugs with his hotel receipts in it. So there's no concern here that the jury convicted the defendant of a crime that he wasn't charged for. I turn to the question. So we don't think for that reason there's plain or obvious error. I turn to the question of prejudice. I think there are cases in this court's case law that sort of suggests that constructive amendment is reversible error per se. Those cases, that kind of deviation is incorrect. It's inconsistent with Supreme Court cases about what structural error is. Holding that constitutional error can be subject to harmless error review. And specifically, I'd point the court to Nader, which says, Instructional error, omitting an element that's subject to harmless error review. This court's opinion in Allen that says, omitting an element from an indictment can be subject to harmless error review. If those two things are subject to harmless error review, it would be very strange to treat a change from the indictment to the instructions as structural error. So for that reason, we think if the court reaches into that direction, this is a good opportunity to correct what we see as a deviation in the court's case law from what the Supreme Court has said. Regardless, which case is the deviation? There are a number of them. Defendant cites Jarrett. That's a case that says it's reversible error per se. There are cases more recent than that. But we also think— Don't we also have some that say, though, that we're not so sure that's correct? That's correct, Your Honor. That's Gill. It gives a lengthy explanation of why the court thinks in that case, we're not sure, maybe that's dicta, maybe it's overcome by subsequent Supreme Court case law.  So you're saying maybe this is a case to elaborate on that or clear it up? We think so, Your Honor. You think this is the case for that? I guess you say it's an invited error, so we don't have to go beyond that. In our view, there are a number of avenues the court can take to affirming. But if the court is inclined to get that far, that's certainly a way. And regardless, even for structural errors, the Supreme Court's never held that they automatically satisfy prong three of plain error review and that they don't necessarily satisfy prong four. So the defendant would still have to make showings to meet those prongs, and he can't make those here because, as the district court recognized in the motion, well, the court told the jury, hey, this is the correct verdict form. It told the jury that it needed to use the verdict director. The verdict director was always correct. So there's no way that the defendant can make a showing of prejudice here sufficient to overcome those prongs of plain error, even if the court got that far. Do you think a jury understands when a judge says, follow the verdict director? Or is that jargon that would be unfamiliar to a jury? I understand where the court's coming from there. No, it's an honest question. I mean, I think of that as more of a legal term of art than a phrase familiar to lay people. But maybe I'm not. Maybe that's wrong. I think that's a fair observation, Your Honor. I'd just point out that the court told the jury. Of course, they did have the instructions. Whether you call them verdict directors or not, they had the instructions that said, here's how to proceed in plain English. Well, and there was only the one count. So there's one count. There's one instruction that says, these are the elements. And there's one instruction that says, that instruction says, you have to be unanimous and find these elements beyond a reasonable doubt before you can convict the defendant. So if they don't understand that to mean verdict director, they certainly are told, you need to go back and evaluate the corrected verdict form in light of the instructions that I've already given you. And the court is, all the instruction packets always say, all the instructions are important. All the instructions need to be taken into consideration. And throughout the instructions, not just the verdict director, but the first instruction and a later instruction that's introduced post-evidence, the court tells the jury, hey, this is what the charge is. The charge is possession with intent to distribute fentanyl. I would like you to address the third and fourth prong, the substantial rights being unaffected and fairness, integrity, public confidence of the proceeding not being impacted, just briefly. Certainly, Your Honor. So the way we look at that is, what are the chances that the jury, had they been given the correct verdict form initially, come to a different conclusion, either hanging or acquitting the defendant? Here we know the answer to that, right, because the jury was given the corrected verdict form and they turned around and came back and convicted the defendant anyway. So in order for the defendant to kind of overcome the third prong, fourth prong showing, he'd have to show, well, look, the incorrect verdict form, they messed up, they didn't understand that that was about conspiracy, not about possession with intent to distribute. And then, when the district court attempted to cure that, the prior verdict form that was incorrect had so poisoned their minds about the evidence and the instructions and what the elements were that they also messed it up when they went ahead and convicted him on the curative form. The district court is in a great place to determine that from its perspective. And in its motion, in its denial of the motion for new trial, it specifically addresses the prejudice question that the court's kind of suggesting here and makes the finding that the evidence was what it was, the instructions were correct other than that erroneous verdict form. And essentially their argument seems to be that they were confused or could have been confused and that they did not, in fact, take sufficient time to actually deliberate. And the shortness or the lack of more substantial deliberations is evidence of confusion and disregard. And so it did affect our substantial rights, and it does raise a question at least of the integrity and fairness of the underlying proceedings. And, of course, Chief Judge Collison said in response to that, well, they could have got back there and looked at it and said, yeah, that didn't change anything because we did these elements, they seem to be the same, and they got to the verdict. Your Honor, there's no way to infer anything really from the deliberation period, the length of the deliberation. If there's anything that can be drawn from that, it's the inference that they had already addressed the elements. They didn't need to revisit the question of conspiracy, which they don't know, or of possession, because they were originally considering possession when they followed the verdict director or the entire instruction packet in the first place. One specific point. I understand that the defendant's discussion of the 400 grams, I think that was a thing that was discussed. That shows up in the transcript. It doesn't actually show up in the verdict form that was erroneously submitted to the court. So it was either a misstatement by the district court when it read the initially incorrect verdict form that had been returned, or it was a transcription error. But the important thing is that the court made that verdict form, a court's exhibit, and that verdict form, which is discussed also in the motion for denial, motion for new trial, is just about 40 grams. So I don't think there's anything that can be drawn from the error there. I see that I'm out of time. You don't think there's anything that can be drawn from the error there? You mean that the documents all showed 40 grams and the 400 was not really in the case other than the judge's potential misstatement? That's correct. That's what you're saying? That's correct. So both forms referred to 40 grams? That's correct. I see. All right, well, thank you for your argument, and thank you, Mr. Kelly, for yours. The case is submitted, and the court will file a decision in due course.